Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3083 | **DATE** | 5/15/2013 |
| **CASE TITLE** | Stevie Jackson (#2012-1004161) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his complaint against Chicago Police Officers Vega (#13853), Bozekll (#16328), Pulsulp (#17342), Mariano (#6691), and Daryl Hardy (#16834). The clerk shall issue summonses for service of the complaint on these defendants. The other defendants (City of Chicago and Superintendent Garry McCarthy) are dismissed. The clerk shall send plaintiff a Magistrate Judge consent form and instructions for filing documents in this court. The clerk shall also send a copy of this order to the trust fund office of the Cook County Jail.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Stevie Jackson, a pretrial detainee at the Cook County Jail, in a 42 U.S.C. § 1983 complaint, alleges that Chicago Officers Vega, Bozekll, Pulsulp, Mariano, and Daryl Hardy "had come to [plaintiff's] resale shop on many occasions demanding ... money to keep the door of [his] shop open." (Compl. at 4.) According to plaintiff, on October 3, 2012, the officers visited him and showed him pictures of persons suspected of committing robberies. When plaintiff replied that he knew nothing, the officers allegedly beat and falsely arrested him.

In its prior order, the court determined that plaintiff cannot prepay the $350 filing fee and granted his motion to proceed *in forma pauperis*. The court assesses an initial filing fee of $10.00. The inmate trust accounts officer at plaintiff's place of confinement is authorized to deduct this amount from plaintiff's trust fund account, when funds are available, and to forward this amount as an initial payment of the filing fee. Thereafter, the trust fund officer shall make monthly deductions from plaintiff's account equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b). Monthly deductions shall be forwarded as payments to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The allegations stated above state colorable claims against the Chicago police officers listed as defendants. *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 713-14, 724 (7th Cir. 2013) (addressing the elements of claims of false arrest, as well as excessive force during arrest). The officers must respond to the complaint.

As to the City of Chicago and Police Superintendent Garry McCarthy, however, plaintiff does not state how these defendants were involved or why they should be held liable. To the extent plaintiff seeks to allege that there was a policy or custom with police officers acting in the above-described manner, plaintiff does not make such an assertion. Plaintiff does not state a claim against the City or McCarthy. *See Palmer v. Marion County*, 327 F.3d

| **STATEMENT** |
|---|

588, 594 (7th Cir.2003) (explaining that there is no respondeat superior liability in a § 1983 action, and each defendant must have been personally involved to be individually liable, and further explaining that an official capacity claim requires a showing of an unconstitutional policy or custom); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (evidence of one incident, or even the actions of several officers, usually does not establish an unconstitutional custom or policy). Accordingly, the City of Chicago and McCarthy are dismissed as defendants.

The clerk shall issue summonses for service of the complaint through the U.S. Marshal on Chicago Police Officers Vega (#13853), Bozekll (#16328), Pulsulp (#17342), Mariano (#6691), and Daryl Hardy (#16834). The Marshal is directed to make all reasonable efforts to serve the defendants. If the Marshal requires information to accomplish service, the Marshal shall send plaintiff forms, which he must complete and return to the Marshal. Plaintiff's failure to return completed forms to the Marshal will result in the dismissal of defendants. With respect to any former employees, officials with the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt personal service.

In its prior order, the court denied plaintiff's motion for the appointment of counsel. The legal and discovery issues of this case currently are not complex, and plaintiff appears capable of representing himself. Representation by counsel is not needed at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).

Lastly, plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to the defendants or, if represented by counsel, to counsel for the defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.